IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**FILED**
JAN 31 2018
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| JOHNNIE KEITH GRIFFIN, | )<br>) |
| Plaintiff, | ) Case No.:<br>) |
| v. | ) **CJ-2018-00458**<br>) |
| COUNSELING AND RECOVERY<br>SERVICES OF OKLAHOMA, INC.,<br>A domestic not for profit corporation, | ) ATTORNEY LIEN CLAIMED<br>)<br>) |
| Defendants. | ) Caroline Wall<br>) |

## PETITION

COMES NOW the Plaintiff, Johnnie Keith Griffin, by and through his attorneys of record, and for his cause of action against the Defendant, Counseling and Recovery Services of Oklahoma, Inc., states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. At all times relevant hereto, the Plaintiff Griffin was a resident of Tulsa County, Oklahoma.

2. Upon information and belief, at all times relevant hereto, Defendant Counseling and Recovery Services of Oklahoma is a domestic not for profit corporation doing regular business in Tulsa County, Oklahoma.

3. The injuries that are the subject of this dispute occurred in Tulsa County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

5. Plaintiff brings this action for damages under Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. §2000e et seq. ("Title VII"), providing

1

relief against discrimination in employment on the basis of race, as well as the Oklahoma Anti-Discrimination Act (OADA) 25 Okla Stat. § 1302.

6. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981(b).

7. Punitive damages are sought pursuant to 42 U.S.C. § 1981.

8. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff incorporates the preceding paragraphs as if re-alleged.

10. Plaintiff Griffin began working for Defendant on or around June 6, 2016 as a mental health therapist.

11. During his employment, Plaintiff's Caucasian supervisor, Alicia Davis, scrutinized Plaintiff's work more critically than his Caucasian female counterparts.

12. Plaintiff raised concerns to the Defendant about unequal treatment during a conversation with his supervisor, Alicia Davis.

13. Around February 2017, Plaintiff's office in Sand Springs was informed the Defendant's organization was restructuring and they would be losing one therapist position from that location which they would replace with two (2) case manager positions. However, one of the three (3) therapists who worked with Plaintiff was retiring as of March 2017, so the Sand Springs office knew they would be down to (2) therapists within a month.

2

14. Plaintiff assumed Defendant would refrain from filling the position his co-worker would vacate when she retired, however Defendant promoted a Caucasian male case manager, with only one year's experience as an intern, to the position of therapist.

15. A few days later, on February 22, 2017 Kimberly Benkert, informed Plaintiff he was being laid off. Plaintiff was offered a temporary position as a case manager, a demotion that paid a little more than half of Plaintiff's current salary.

16. Plaintiff was told that the decision to lay him off was not due to his performance, but after applying for other positions as a therapist within the Defendant's organization Plaintiff was not hired.

17. Plaintiff had eight years of counseling experience compared to his male Caucasian co-worker who was promoted days before Plaintiff was laid off.

18. The Plaintiff believes Defendant wrongfully discriminated against him based on his race.

19. Plaintiff filed a Charge of Discrimination with the EEOC, received a Notice of Suit Rights, and this petition is filed within the time limit provided by law.

### FIRST CLAIM FOR RELIEF
### DISCRIMINATION BASED ON RACE (TITLE VII)

20. Plaintiff incorporates the preceding paragraphs as if re-alleged.

19. By subjecting the Plaintiff to disparate treatment based upon his race, in terminating the Plaintiff's employment while promoting a Caucasian coworker to the exact same position, Defendants have violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay until normal retirement;

3

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages and liquidated damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
d. His attorney fees and the costs and expenses of this action;
e. Equitable Relief.
f. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## RACIAL DISCRIMINATION IN VIOLATION OF THE OADA

21. Plaintiff incorporates the preceding paragraphs as if re-alleged.

22. By subjecting the Plaintiff to disparate treatment based upon his race, in terminating the Plaintiff's employment while promoting a Caucasian coworker to the exact same position, Defendants have violated the Oklahoma Anti-Discrimination Act (OADA) 25 O.S. § 1301 et seq.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

g. Back pay and lost benefits; front pay until normal retirement;
h. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
i. Punitive damages and liquidated damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
j. His attorney fees and the costs and expenses of this action;
k. Equitable Relief.
l. Such other relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing this suit, reasonable attorney's fees, and all other relief deemed appropriate by the Court.

4

Respectfully submitted,

**SMOLEN, SMOLEN & ROYTMAN**, PLLC

_____
Daniel E. Smolen, OBA#19943
701 South Cincinnati Avenue
Tulsa, Oklahoma 74119
(918) 585-2667
(918) 585-2669 (Fax)
danielsmolen@ssrok.com
*Attorney for Plaintiff*

5